## Case No. 15,166.

### UNITED STATES v. FRERICHS.

[16 Blatchf. 547;[1] 8 Reporter, 391; 25 Int. Rev. Rec. 319.]

Circuit Court, S. D. New York.   July 21, 1879.[2]

INTERNAL REVENUE — DISTILLER — POSSESSION OF STILL — CERTIFICATE OF REASONABLE CAUSE.

1. Under section 3247 of the Revised Statutes, which enacts that every person who, "making or keeping mash, wort or wash, has, also, in his possession or use a still, shall be regarded as a distiller," to make one in possession of a still a distiller, because he keeps mash, wort or wash, the mash, wort or wash kept must be such as will produce spirits, on distillation.

2. Whether an order of the district court refusing a certificate of reasonable cause of seizure, under section 970 of the Revised Statutes, can be reversed by the circuit court, on a writ of error, quere.

[Appeal from the district court of the United States for the Southern district of New York.]

[The government brought a suit to condemn premises for violation of the internal revenue law. The court below, at the close of the evidence for the government, directed a verdict in favor of the claimant [Frederick Frerichs], and refused to give a certificate of probable cause. [Case unreported.] The government appealed.][3]

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 106 U. S. 160, 1 Sup. Ct. 169.]
[3] [From 8 Reporter, 391.]

Edward B. Hill, Asst. U. S. Dist. Atty.
Edward Salomon, for defendant in error.

WAITE, Circuit Justice. The issue made below was, as to whether the claimant was a distiller of spirits, within the meaning of section 3247 of the Revised Statutes; and the first error assigned here is upon the order of the court directing a verdict for the claimant, at the close of the evidence on the part of the government. That section of the statutes is as follows: "Every person who produces distilled spirits, or who brews or makes mash, wort or wash fit for distillation or for the production of spirits, or who, by any process of evaporization, separates alcoholic spirit from any fermented substance, or who, making or keeping mash, wort or wash, has, also, in his possession or use a still, shall be regarded as a distiller."

It cannot be seriously contended, that the evidence was sufficient to warrant a jury in finding that the claimant actually produced distilled spirits, or that he brewed or made mash, wort or wash fit for distillation or the production of spirits, or that he actually separated alcoholic spirit from any fermented substances. All that can be insisted upon by the government is, that there was evidence tending to prove that he had in his possession or use a still, and that he kept mash, wort or wash, within the meaning of this statute. The still he had in his possession was put up for the manufacture of acetic acid, and was duly registered as such. About this there is no dispute. To make one in possession of a still a distiller, because he keeps mash, wort or wash, the mash, wort or wash kept must be such as will produce spirits, on distillation. The evidence in this case was clear, to the effect that the substance complained of would not produce distilled spirits. It was intended for the manufacture of vinegar, and, when distilled, did not, and could not, yield spirits. It had already gone through such a process of fermentation in another place, where there was no still, as to render it impossible to convert it, or any part of it, into spirits, by distillation or any process of evaporation. This was the uncontradicted testimony of the only witness examined on that subject. The process through which it was to be put by the claimant was only for the purpose of cleansing it of impurities, and thus fitting it for use in the manufacture of vinegar. It was, in fact, a weak acetic acid, mixed with foreign substances, which must be removed before it could be converted into marketable vinegar. One who produces a substance which can be converted into vinegar by the use of a smaller quantity of spirits than is ordinarily employed, is not, necessarily, a distiller of spirits. To become such in law, he must actually produce spirits, or keep with the still he uses that which will produce them. Such was not the case here. Had the jury found, from the evidence, a verdict against the claimant, it would clearly have been the duty of the

court, on motion. to set the verdict aside and grant a new trial. Under such circumstances it was not error for this court to direct a verdict in favor of the claimant.

If an order of the district court refusing a certificate of reasonable cause of seizure, under the provisions of section 970 of the Revised Statutes, can be reversed by the circuit court, upon a writ of error, it ought not to be done except in a clear case. The evidence which has been embodied in this bill of exceptions is not such as to satisfy me that any error was committed in this particular. The judgment of the district court is affirmed.

[NOTE. A writ of error was sued out from the supreme court. where the judgment of this court was affirmed. 106 U. S. 160, 1 Sup. Ct. 169. Frerichs subsequently recovered a judgment for damages against Charles R. Coster, internal revenue collector. in the circuit court. Case unreported. See 124 U. S. 315, 8 Sup. Ct. 514.]